**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORTH OF ENGLAND PROTECTING AND INDEMNITY ASSOCIATION LIMITED, | No. 14-56362 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00956-AK-MRW |
| v. | |
| TESORO REFINING AND MARKETING COMPANY, LLC, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Alex Kozinski, Circuit Judge, Presiding

Argued and Submitted August 30, 2016
Pasadena, California

Before: SILVERMAN, FISHER and WATFORD, Circuit Judges.

North of England Protecting and Indemnity Association (NOE) appeals the

adverse judgment entered after a bench trial in its negligence action against Tesoro

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Refining and Marketing Company. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err by rejecting NOE's claim that Tesoro was negligent by failing to deploy a boom with a standoff around the entire vessel before the oil spill. Although Tesoro's operations manual could be read as requiring a standoff around the entire vessel, the district court did not clearly err by finding the manual ambiguous. The meaning of the manual is not apparent from the manual's language alone, and extrinsic evidence presented at trial provided substantial evidence for the district court's finding of ambiguity. *Cf. Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 442 P.2d 641, 644 (Cal. 1968); *Emp'rs Reinsurance Co. v. Superior Court*, 74 Cal. Rptr. 3d 733, 744 (Ct. App. 2008) (considering language and extrinsic evidence to determine the meaning of a contract capable of two or more constructions). Tesoro's proffered interpretation was consistent with Tesoro's contemporaneous understanding of the manual (per Tesoro's Rule 30(b)(6) witness), with Tesoro's longstanding implementation of the manual and with California regulations. Cal. Code Regs. tit. 2, § 2395(d). Further, because state enforcement officials did not advise Tesoro they believed its operations manual imposed a higher duty than the governing offloading regulation, or cite Tesoro for violating another regulation, there is no evidence that Tesoro's

proffered reading was implausible or that Tesoro was put on notice that its understanding and implementation of Section O may have been contrary to law. The district court therefore did not clearly err by finding the manual ambiguous. Even if we were to consider the interpretation of the manual ultimately to be a question of law, *cf. Winet v. Price*, 6 Cal. Rptr. 2d 554, 557 (Ct. App. 1992), we would reach the same conclusion. Accordingly, we need not address whether Tesoro committed negligence per se. Cal. Evid. Code § 669.

The district court likewise did not clearly err by finding the absence of a custom or practice requiring a standoff around the entire vessel. The manual was ambiguous, California regulations concerning offloading did not require it and testimony by NOE's expert, Frank Whipple, was inconclusive.

2. The district court did not abuse its discretion by refusing to allow Whipple to testify as an expert about his survey, offered to establish custom or practice. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999) (reviewing the exclusion of expert testimony for abuse of discretion). The district court properly precluded Whipple from testifying as an expert because NOE failed to disclose the survey as required by Rule 26. Whipple, moreover, was permitted to testify about his survey as a fact witness, but the district court permissibly accorded this testimony little weight in light of its unscientific methods. In any

event, any error in excluding the expert testimony was harmless. Whipple was permitted to introduce evidence of the survey as a fact witness, and his testimony was not persuasive. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008) (reviewing the exclusion of expert testimony for harmless error).

Because NOE failed to establish Tesoro had a duty to maintain a standoff at all points from the vessel, we need not address the district court's alternative findings as to breach, causation and damages.

3. The district court did not err by rejecting NOE's claim that Tesoro was negligent in deploying a secondary boom after the oil spill. NOE failed to establish when Tesoro employed the secondary boom. It also failed to present evidence to show what amount of time would have been reasonable under the circumstances given the misunderstanding of the spill's severity.

**AFFIRMED**.

* * *

Tesoro's motion to strike (Dkt. 22) is **GRANTED**.

4

FILED

SEP 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SILVERMAN, Circuit Judge, dissenting:


I respectfully dissent because the district court clearly erred in its treatment of a crucial piece of evidence, Tesoro's Operations Manual. The manual clearly prescribed the precautionary measures that Tesoro was supposed to have taken – but unfortunately didn't take – when unloading oil at the Port of Long Beach. The district court excused Tesoro's failure to comply with its own manual on the ground that the manual was ambiguous. That ruling was clearly wrong.


Section O of Tesoro's Operations Manual says this:


Ensure that oil spill containment boom is deployed around any vessel that will be transferring persistent oil: Maintain a 4' standoff between the boom and the vessel. Persistent products include Lube Oils, All Crude Oils, Gas Oils, Fuel Oils.


With all due respect, there is nothing ambiguous in this language. The

phrase "a 4' standoff between the boom and the vessel" means just what it says – that there is to be a standoff of four feet between the vessel and the boom. Likewise, the phrase "around any vessel" means *around* any vessel. The manual does not say "partially around" the vessel, or "along one side" of the vessel. Around means around. It could not be any clearer that Tesoro's manual explicitly requires an oil spill containment boom to be maintained with a four foot standoff around a vessel that is transferring persistent oil. This requirement is not only obvious from the clear and unambiguous language, but is a matter of common sense when it comes to protecting the harbor.

The district court ruled:

I have looked at the manual and I don't think the manual is at all clear that it requires a four-foot setoff at all sides around the vessel. It just says the containment boom should be deployed all the way around the vessel and that the would be a four-foot standoff. It does not say there should be a four-foot standoff all around the vessel. You can read it that way. It may say that, it may not say that. I don't think it is clear.

The district court was flat wrong. The manual is perfectly clear, and it means exactly what it explicitly says.

Was this error harmless? Unfortunately, no.

The critical significance of the district court's misreading of the manual manifests itself when it comes to the question of Tesoro's duty. The district court ruled that the plaintiff failed to prove, as a matter of negligence law, what Tesoro's duty was with regard to the placement of the boom. The district court's ruling overlooks the California maritime regulation that says: "No terminal may conduct transfer operations except in accordance with an operations manual approved by the Division [of Marine Facilities of the California State Lands Commission]." 2 C.C.R. § 2385(a)(1). Thus, when Tesoro's Operations Manual is read in conjunction with this regulation, it becomes apparent that the failure to follow the manual is a violation of the regulation.

Even if, despite § 2385(a)(1), a violation of the manual is not deemed negligence *per se*, Tesoro's Operations Manual is, nonetheless, compelling evidence of what Tesoro's duty of care was. *See Powell v. Pacific Electric*

*Railway Co.*, 35 Cal.2d 40, 46 (1950) (defendant's operating rule was properly admitted as bearing on the standard of care defendant thought appropriate to insure the safety of others); *see also Dillenbeck v. City of Los Angeles*, 69 Cal. 2d 472, 478-79 (1968) (safety rules of employer admissible as evidence that due care requires course of conduct prescribed in the rule; "Such rules implicitly represent an informed judgment as to the feasibility of certain precautions without undue frustration of the goals of the particular employer.") Of course, the manual's value as proof of Tesoro's duty depends entirely upon its being read correctly. The district court ruled that the manual was ambiguous, but it wasn't.

I would reverse the district court and grant a new trial.